Good morning, Your Honor. May it please the Court. Christine Dahl on behalf of Kevin Washington. When the capital jury returned a guilty verdict, the State created an irreconcilable conflict between Mr. Washington and his trial attorneys by offering him a deal, true life, in exchange for the death penalty phase, but he had to waive all future litigation, including any challenge to the effectiveness of the lawyers who had represented him at trial and were continuing to represent him in the sentencing phase. The fundamental fairness of trial proceedings depends on the undivided loyalty of defense counsel to his or her client. In this case, the State drove a wedge between the lawyers and their client. Is it any different wedge than an appeal waiver? Yes, Your Honor. It's very different because an appeal waiver does not call upon the lawyers to counsel the client about their own inadequacies. And case law from this circuit and across the United States recognizes that few of us... Why not? An appeal waiver waives ineffective assistance of counsel claims as well. Respectfully, Your Honor, I disagree. Well, on direct appeal they do. Yes, Your Honor. And the law is that client need not raise ineffectiveness claims on direct appeal. And in fact, because they often require development of the record, the preferred method is through collateral challenges after the conclusion of the direct appeal. Was this claim exhausted in the State court? Your Honor, I don't believe that the exhaustion requirement applies to an affirmative defense by the State to block consideration of claims on the merits. Nevertheless, the claim was presented. The issue was litigated and the arguments against upholding the waiver were presented below the state. Was it decided by the state court? The state court did not, in its opinion, mention the federal claims. It resolved the waiver by discussing only the state law regarding state. Let's assume it's either exhausted or doesn't have to be exhausted. But there is no explicit decision by the state court on the issue. The Oregon Supreme Court was squarely presented with the federal and state questions in Mr. Washington's petition for review. And to the extent that exhaustion was required, that constitutes an adjudication of the question. So this is really my question. What is what is the scope of review? We just decided the novel. It's our position that this is the novel review. Remember the context in which this case arises throughout this litigation. The state has consistently sought to use the waiver to preclude adjudication of Mr. Washington's claims on their substantive merits. They move for summary judgment in the state post conviction proceedings at the hearing on the motion for summary judgment. The state argued he should not even have a day in court in their brief to the Oregon Court of Appeals. They said it was premature to examine the advice of counsel regarding the negotiation of the plea agreement and in the district court. And again, here, the state has urged that Mr. Washington be prevented from developing his claims because that was the point of the sentencing stipulation. Does the does the AEDPA apply to this issue? No, Your Honor. Why not express terms of the AEDPA? Apply deference to claims that have been adjudicated on the merits. Claims are claims for relief based on an underlying error in the trial proceedings. So your first position, this is not a claim. Yes, Your Honor. That's correct. And even if it is, there was no state court adjudication. Yes, Your Honor. And this court's decisions make clear that in the absence of adjudication on the merits, there is no deference to be applied. There is nothing to defer to. Does it apply to the AEDPA? It doesn't apply to this extent. Do we judge the issue on the basis of clearly established Supreme Court law? No, Your Honor. We're not limited to that. No, but I believe that it violates clearly established Supreme Court law in any event. But there is no there's there is no Supreme Court case directly on point as far as I know. Well, the cases we rely on are the chestnuts of the effective assistance of counsel claim. Strickland versus Washington discusses what happens when a conflict arises between counsel and client. Hill versus Lockhart talks about that. That every plea agreement has to be reviewed for voluntariness because the Supreme Court has never held that this kind of, you know, this kind of conflict right to be a constitutional deprivation. I don't know of any case that's that specific, Your Honor. I think because it's so inconceivable that a lawyer would counsel his client to waive. I think as you know, Judge Griffin intimated, it happens, you know, I think probably hundreds of times every day across the country. That's my guess. I'm just getting. We disagree. I scoured the case law. I found three decisions from state courts, including this one, two against one in terms of striking down the waivers. And the circuit courts are nearly unanimous in rejecting waivers that are broad enough to preclude collateral challenges based on ineffective assistance of counsel. But any time a lawyer counsels his client to plead guilty, he becomes the lawyer analogy to the doctor burying the victim. So his mistake is gone. It's very, very difficult to surely know for somebody who's pled guilty to successfully raise claims subsequently. It happens, but it's the blue moon kind of event. And so you could fairly say a lawyer that really wants to protect his backside will do everything he can to induce his client to take a guilty plea because he probably eliminates 98 percent of his risk. Well, you've got the same conflict of interest there. I disagree, Your Honor, because the garden variety plea agreement doesn't include this kind of a blanket waiver. That's true. And it does include a guilty plea. And the fact of guilty plea effectively wipes out most of the arguments that the defendant can try to make to challenge the conviction. It doesn't, however, wipe out claims that go to the negotiation of the guilty plea itself. And if the client, if the lawyer has rendered constitutionally deficient representation that propels the guilty plea, the plea can be set aside. Let me pose one other question. I realize we're taking your time, but we'll make sure you have a moment for rebuttal. The argument, as I understand it, is more theoretical than specific in this case. Do we really have a reason to believe that the attorney here had a reason to cover his backside? Mr. Washington went to trial proclaiming his innocence. He alleges that there were witnesses and investigation that could have been conducted that would have tipped the scales in his favor. Do we have more than his allegations? Well, you have the state has prevented development of the record. So I went ahead and had the closing argument transcribed to look at what the evidence was. And the state concedes it doesn't have direct evidence that Mr. Washington was the shooter that caused the death of the decedent. The evidence in this case comes from co-defendants trying to limit their own liability for their wrongful acts. The surviving spouse could not identify Mr. Washington as the shooter. The murder weapon was never located. And the state tried to prove its case by connecting up inferences. Mr. Washington also alleged that he is an African-American, and he alleged that the state struck all of the black individuals from the veneer and so that he was deprived of a jury of his peers, and that the prosecution tainted the case by displaying to the jury. Is that an element of the ineffective assistance claim? Well, if it's not, but in terms of prejudice, if Mr. Washington is able to set aside the agreement and succeed in convincing the court that he should have a new trial, there are there's a possibility that the result could be different. The possibility is that all you need. It's always it's always possible. Well, let me step back a little bit. I have the same problem, I think, that Judge Clifton alluded to. He said this is, you know, more theoretical. The claim. In other words, what is the evidence of an actual conflict? Just all these things you're saying the lawyer didn't do and should have done. Well, no, Your Honor, the actual conflict. And if I may finish the answer to the question, the actual conflict is failing to notify the court that this kind of waiver required independent counsel to advise Mr. Washington on whether or not there were viable claims. That's just maybe a requirement of a local ethical rule. But a violation of ethical rule is not a constitutional requirement. You know, violation local actual conflict. Well, the Supreme Court says that professional norms are evidence of what is constitutionally required and ethical. Well, ethical rules protect the integrity of the process. Here, the lawyers have the incentive to downplay their own failings to protect themselves against bar discipline, malpractice liability, professional embarrassment, and perhaps even their indigent defense contract. So their source of income depends on whether or not they are found ineffective for rendering lawyers in the Oregon discipline for ineffectively representing criminal claims. It depends. The answer is they can be if it violates the history of that. Did you know? Yes, Your Honor. I'm sorry. I can't. I don't think it's true where I come from. I think if the very rare case, if the failings arise to the level of a disciplined violation, then of course they're going to be disciplined for that. But I think that the precedent of this court holds squarely that a conflict arises when a lawyer is called upon to argue his own ineffectiveness in order to advance his client's interests. I see that my time is up. All right. Thank you. We will give you a minute to follow up. May it please the Court. Jennifer Lloyd representing the respondent. The district court correctly refused to relieve Petitioner from his obligations under this agreement. Petitioner knowingly and intelligently gave up his statutory ability to pursue federal habeas corpus relief in exchange for the lightest sentence that he possibly could have received even had this penalty phase gone forward. There is a difference, however, with regard to ineffective assent of counsel between what occurred at trial, say in this case the guilt phase, and the negotiation of the very plea that's involved. I think on that, that can't be waived when you're negotiating the actual plea. If that was ineffective, that would be a matter that still could be brought up. Right? Yes. And Petitioner has been able to bring that up. That's been litigated in the state court. That's been litigated in the district court. And we're litigating that today. And we do not say that he's not entitled to do that. But that ability is very limited to the ability to challenge the validity of his waiver. And the record in this case, I believe, unequivocally shows that he knew exactly what he was doing. The most he offered as evidence in the post-conviction proceeding to try and rebut that was some rather vague testimony that he wasn't real sure what post-conviction relief was and wasn't particularly sure what an appeal was. However, his attorney provided a detailed affidavit explaining that he had spent considerable time with the petitioner explaining all of these things. There's the colloquy with the court. And the state court found Petitioner to be unbelievable when he said that he did not understand what he was giving up. You know, one thing, perhaps the one minute that the opposing counsel will have to close up. But what could what could the defense counsel have done that was better than what was done? That's the most lenient sentence possible. Is that right? It's absolutely right. There there was no sentence that petitioner could have received had this penalty face gone forward. That was lighter than I had gotten a reversal on appeal. Well, and certainly theoretically, had he had he not waived those rights, there was, of course, the very speculative possibility that he would have the ability to challenge his convictions, challenge his sentences. But that's exactly the bargain that was struck. Both parties gave up an unknown for a known quantity, which was he would get a particular sentence. The state would get finality of that judgment subject to this very narrow challenge that he now is entitled to make to the to the validity of his waiver. If I remember your brief, one, you take the position that the claim is defaulted. To that, it's governed by the EPA. Now, you heard Ms. Doll's argument to the contrary. What's your response to that? Well, I both of those issues. I think I think both are real issues in the sense that I don't think there is a very clear answer to whether the adeepa governs this particular type of threshold issue. I think that the policy is underlying the adeepa, which are to, you know, give the comedy to give the state courts the opportunity to first determine these issues. All of those things support our argument that one, the standard of review under the adeepa, that is that the state courts factual determinations are presumed to be correct. There was no determination of this issue. Was there by the state court? I mean, you know, the effectiveness of the waiver. These of this kind of claim. The state post conviction court did find that petitioner validly waived his claims, basically found the terms of the agreement were absolutely clear that there was no question about it and found that the waiver was valid. On appeal, the court of appeals used a somewhat different analysis, but left that factual determination undisturbed and simply jumped ahead and said, we can't determine whether he was in fact prejudiced. Went right to the merits, right? Yeah. And and frankly, I think that the state post conviction courts determination, obviously that's the only determination that possibly can have a factual component to it, is entitled to deference by this court, if only because even assuming that the adeepa does not apply and it's implicit, factual findings or express factual findings aren't presumed to be correct. The only evidence in this case that even supports petitioners claim that his waiver was not valid was his testimony in his deposition. Or excuse me, it wasn't a deposition. It was his testimony before the post conviction court. And the post conviction court was in a position to observe his demeanor to make credibility decisions and determined that no, his statements that he didn't understand were, did not overcome the plain fact that he stated repeatedly to the trial court that he had understood what he was doing, that his lawyers who provided affidavits in the post conviction court explained these facts to him. And so even if the adeepa does not apply, I think this court has to give the state courts factual determination some amount of deference. I'm not I'm not sure if I fully answered your question, Judge Tashima. I think I think part of it is that there isn't a real simple answer to that. The adeepa governs adjudications on the merits under Lambert versus Blodgett. I believe this clearly is a decision on the merits because it's a substantive decision by the state court. It was not a procedural decision. But I think that as Ms. Dahl said, the real question is, or perhaps as you said, Judge Tashima, that the question is, is this a claim when the state raises a waiver argument and the petitioner argues? No, there's a problem with that waiver. I look at the waiver here and indicated before. And surely, you know, that appeal waivers are quite common. We get them a lot. This is clearly of a different character. And I can understand that the state's desire to get an even more complete final resolution. But you look at this, it even seeks to, although I understand you're not pressing the issue, to include challenges to this agreement, the entry into this agreement or sentencing. And that leaves me in a little bit of a quandary because if you really do succeed in absolutely bolting the door and a convicted defendant can't utilize post-conviction relief techniques in order to acquire information, separate and apart perhaps from the facts of this case, is this a device that just goes a little too far in extinguishing rights and prevents a challenge subsequently? Well, I think no. I think that because there is the ability, because the petitioner does have, first of all, the state does not have to seek to invalidate or to remedy a breach of this contract. Obviously, there are things that can happen over the years following a conviction or a sentence that may change either party's perspective as to whether it would be a good idea to go back to square one. But even assuming that the state, in this case, and I could not find any cases that dealt with the situation where the state actually sought to declare a breach based on the petitioner's attempt to litigate. Let me put the hard case. Suppose you have one of those exonerated-type cases where you've really now got pretty good evidence of actual innocence, which the Supreme Court has always been careful to leave the door ajar on even as it's bolted so many other doors. Actual innocence gets you into court. But suppose you've got actual innocence in the case of Mr. Washington who got scared because of the death penalty and entered in disagreement. Maybe I should change the name, but you understand what I'm getting to. Do you actually close the door to an actual innocence claim with this kind of agreement? And in doing so, do you depend upon the goodwill of the state, which I acknowledge the state and states across the country have to their credit? When put in that situation, a step back and said, no, we need to reexamine this. But you go too far by taking it out of the courts entirely, by not giving the convicted defendant an opportunity to raise even an actual innocence claim. I suppose that's possible. I suppose there may be parts of this type of an agreement, I mean a theoretical agreement that we're talking about that might go too far, that might be unconscionable because they would preclude. I suppose there could be an agreement that purports to preclude a petitioner from seeking clemency or a pardon. You're not seeking a blanket endorsement by us of this thing, the door is absolutely closed, period. You're willing to focus on the particular facts of this case. Yes. I mean, part of that is because that's all that's before this court. Part of that is because it's the easier question. But I have not seen a case, even among all the cases across the country, where the state has sought to declare a breach under the circumstances that you posit Judge Hub. Let me ask a similar question. To your knowledge, since I guess you do this kind of work regularly, is this a paragraph two type of waiver in common use in Oregon? Do you know? I have seen similar waivers. We often have prosecutors calling our office asking us to look at them. I can't say that I've seen every waiver. But what usually, the waiver is intended to be as comprehensive as possible. And they usually include the post-conviction relief as well? That is typical. Yes. And usually what the agreements will say is that the prosecution has the election in its sole discretion to declare a breach on circumstances such as these. One more question. Was there any allegation of ineffective assistance to the counsel at the guilt phase? In the petition, in the federal habeas corpus petition, there is one. And it relates to, I forget if it's phrased as a failure to investigate or failure to cross-examine, but it had to do with an argument by the prosecutor that Petitioner had fled after the crimes in this case. And what Petitioner asserted was there was some other evidence suggesting that he had left simply to take his infant to visit a family member and that his intention was not to flee the state. Obviously, the record isn't fully developed on that because neither the post-conviction court nor the district court reached the merits of any of those claims. You lost me a little bit on that. What's the ineffectiveness to the counsel about that? Well, it's a little bit unclear. Or my memory is unclear. I think it is failure to investigate to find a witness who would establish this other story. Unless the court has other questions, I'll step down. Thank you. Thank you. Very briefly, Your Honor, the State's concession that Mr. Washington is entitled to litigate the validity of the waiver is a radical change in their position throughout the ten years that this case has been litigated. They have consistently tried to enforce the language of the agreement as it is written, starting off with requesting summary judgment to enforce the waiver and urging every court that Mr. Washington has appeared in front of to not consider his claims, the substantive claims on the merits. This type of plea agreement is in widespread practical use by the State of Oregon. I am handling a nearly identical agreement on appeal in a separate case before this court, currently in the process of being briefed. The opening brief has been filed with a notice of related cases, and there are other cases in my office on habeas review by the district court, precisely trying to decide whether such a broad agreement should be enforced. Because it's so broad, Mr. Washington was effectively left uncounseled as to what he was waiving during a critical stage of the proceedings, and we request that you reverse the district court's denial of his request to proceed and remand for further proceedings. We thank both counsel for their arguments in this interesting and challenging case, and move to the next case on our calendar today, which is Dang v. Lampert.
judges: Hug, Tashima, Clifton